UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLENE G. HARTLOFF, Individually and
as Executrix of the Estate of Robert L.
Hartloff, Deceased,

                        Plaintiff,

                                                                   **DECISION AND ORDER**
      v.                                                                    09-CV-943A

DAMON MOTORS, INC.,

                        Defendant.

---

On April 7, 2010, plaintiff filed a stipulation (Dkt. No. 9) to change her attorney from David M. Civilette to Michael R. Drumm. The Court hereby approves of the stipulation and directs the Clerk of the Court to terminate Mr. Civilette from the docket.

On April 8, 2010, the parties filed a stipulation (Dkt. No. 10) dismissing with prejudice defendants Old CarCo LLC and Chrysler Group LLC. The Court hereby approves the stipulation and directs the Clerk of the Court to terminate these defendants and to amend the caption of this case to read as it appears above. The Court further denies the pending motion to change venue (Dkt. No. 4) without prejudice as moot, given that the moving party has been dismissed.

With two of the three named defendants now stipulated out of the case, the Court has a concern about jurisdiction. One of the now-dismissed defendants removed this case from state court on the grounds that its foreign citizenship

conferred diversity jurisdiction on this Court pursuant to 28 U.S.C. § 1332. According to the complaint, both plaintiff and the remaining defendant have New York citizenship and either reside or do business in Chautauqua County. Based on this information, the Court will not allow the case to proceed here without confirmation of its jurisdiction. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[I]n our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction. Where jurisdiction is lacking, moreover, dismissal is mandatory.") (internal quotation marks and citations omitted); *see also Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("We cannot avoid addressing the threshold question of jurisdiction simply because our finding that federal jurisdiction does not exist threatens to prove burdensome and costly, or because it may undermine an expensive and substantially completed litigation.") (citation omitted).

Accordingly, the parties are ordered to show cause in writing, within 30 days of entry of this Order, why this case should not be remanded to New York State Supreme Court, Chautauqua County.

SO ORDERED.

                                            *s/ Richard J. Arcara*
                                        HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT JUDGE

DATED: May 5, 2010